FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY E. MESECHER, husband; CHARICE A. MESECHER, wife; and MIKAYALA M. REYNOLDS,<br><br>Plaintiffs,<br><br>v.<br><br>LOWES COMPANIES, INC, a corporate entity; MONSANTO, a corporate entity; and HD HUDSON MANUFACTURING COMPANY,<br><br>Defendants. | NO: 2:17-CV-299-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Lowe's Companies, Inc. ("Lowe's"), ECF No. 8, and Monsanto Company ("Monsanto"), ECF No. 11, without oral argument. Plaintiffs did not respond to either motion. The hearing date for Defendant Lowe's motion has passed. Given that Plaintiffs' deadline to respond to Defendant Monsanto's motion to dismiss has expired, the Court finds good cause to expedite hearing of that motion without waiting for a reply from Defendant Monsanto. *See* LR 7.1(h)(2)(C).

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

Having reviewed Defendants' filings, the remaining record, and the relevant law, the Court finds it appropriate to grant both motions and dismiss Defendants Lowe's and Monsanto from the case.

## BACKGROUND

Accepting the allegations in Plaintiffs' complaint, ECF No. 2-1, as true, sometime before March 22, 2014, Tracy and Charice Mesecher bought Roundup herbicide, made by Monsanto, and a GardenSpray[1] sprayer, manufactured by H.D. Hudson Manufacturing Company ("Hudson") at a Lowe's home improvement store.[2] Plaintiffs claim that both the Roundup and the GardenSpray were defective at the time of purchase and that all three Defendants either knew or should have known of the defect. ECF No. 2-1 at 7. Consequently, Plaintiffs assert, Plaintiff Charice Mesecher "was exposed to toxic amounts of Roundup while using it in the course of performing yard work at the home of the Plaintiffs while using the

---

[1] Plaintiffs refer to a "GardenPlus" sprayer in the first reference to the product in the complaint, ECF No. 2-1 at 5, and shift to referring to a "GardenSpray" sprayer for the remainder of the complaint, ECF No. 2-1 at 6–12.

[2] The Court notes that Lowe's insists that it is not the proper defendant in this action. Rather, Lowe's contends that the proper defendant is Lowe's Home Centers, LLC, which operates all Lowe's stores in Washington State and of which the named Defendant Lowe's is the sole member. ECF No. 8 at 3. However, Lowe's "will respond in relation to the claims as stated" for "purposes of this motion only" and "reserves the right to file a motion for summary judgment based on being improperly named in this suit if this issue is not corrected going forward in this matter." *Id*.

GardenSpray sprayer." *Id.* Plaintiffs claim that Ms. Mesecher "sustained serious life threatening bodily injuries and resultant damages" that were caused by her exposure to "toxic amounts of Roundup[.]" ECF No. 2-1 at 7. Plaintiffs allege that Mr. Mesecher has sustained damages including but not limited to loss of spousal consortium, and Mikayala Reynolds, daughter of Ms. Mesecher and a minor at the time of the incident, sustained damages including but not limited to loss of parental consortium. *Id.* at 7–8.

Plaintiffs assert a claim for product liability based on an alleged failure by Defendants Monsanto and Lowe's to adequately warn consumers purchasing Roundup of its inherently dangerous nature and alleged failure to "take measures to prevent injurious exposure to it." ECF No. 2-1 at 9. Plaintiffs also allege that all three Defendants "knew or should have known that the GardenSpray sprayer . . . is inherently dangerous should it malfunction thereby allowing inappropriate amounts of toxic Roundup to come into contact with human beings . . . ." *Id.* Plaintiffs further base their product liability claim on allegations that the products at issue were defectively manufactured, not reasonably safe in construction, or breached the manufacturer's express warranty and applicable implied warranties under Washington state law. *Id.* at 7, 10.

Plaintiffs' second claim is for violations under the Washington Consumer Protection Act ("WCPA"), chapter 19.86, Revised Code Washington ("RCW"), that "have injured and continue to injure the business and property of the consuming

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 3

public of the State of Washington, including, but not limited to, the business and property of the Plaintiffs." ECF No. 2-1 at 11.

Plaintiffs seek to recover unspecified special damages, general damages for "emotional and mental stress and anguish and for humiliation and embarrassment[,]" and treble damages as allowed by the WCPA. ECF No. 2-1 at 11.

## LEGAL STANDARD

Defendants Lowe's and Monsanto have separately moved to dismiss Plaintiffs' product liability and WCPA claims for failure to state claims upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant challenges the sufficiency of a complaint under Fed. R. Civ. P. Rule 12(b)(6), the court must determine whether the complaint bears "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted).

## DISCUSSION

Plaintiffs effectively abandon their claims against Defendants Lowe's and Monsanto by failing to respond to Defendants' motions to dismiss. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where plaintiff did not address arguments in motion to dismiss, plaintiff "effectively abandoned" the claim for relief and could not raise the claim on appeal); *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095, note 4 (9th Cir. 2005); *see also* LR 7.1(d) (a party's failure to comply with the rules of motion practice "may be deemed consent to the entry of an Order adverse to the party who violates these rules."). Notwithstanding the fact that Plaintiffs may be deemed to have abandoned their claims or consented to an adverse ruling on the motions to dismiss, the Court also considers Plaintiffs' product liability and Consumer Protection Act claims on their merits.

///

///

*Products Liability*

The Washington Product Liability Act ("WPLA"), chapter 7.72, RCW, is the exclusive remedy for claims that a product caused a plaintiff harm. *Potter v. Wash. State Patrol*, 165 Wn.2d 67, 87 (Wash. 2008). The WPLA imposes different standards of liability on product manufacturers and sellers, with manufacturers generally "held to a higher standard of liability, including strict liability where injury is caused by a manufacturing defect or a breach of warranty." *Johnson v. Recreational Equip., Inc.*, 159 Wash. App. 939, 946 (Wash. App. Div. 1), *petition for rev. denied*, 172 Wn.2d 1007 (Wash. 2011) (citing RCW 7.72.030(2)). Conversely, "product sellers are ordinarily liable only for negligence, breach of express warranty, or intentional misrepresentation." *Id.* at 946–47 (citing RCW 7.72.040(1)). However, the WPLA carves out an exception under which product sellers are subject to "the liability of the manufacturer" in the following circumstances:

(a) No solvent manufacturer who would be liable to the claimant is subject to service of process under the laws of the claimant's domicile or the state of Washington; or
(b) The court determines that it is highly probable that the claimant would be unable to enforce a judgment against any manufacturer; or
(c) The product seller is a controlled subsidiary of a manufacturer, or the manufacturer is a controlled subsidiary of the product seller; or
(d) The product seller provided the plans or specifications for the manufacture or preparation of the product and such plans or specifications were a proximate cause of the defect in the product; or
(e) The product was marketed under a trade name or brand name of the product seller.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 6

RCW 7.72.040(2).

As stated above, a product manufacturer is subject to strict liability under the WPLA "if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction." Strict liability also applies to harm that that was proximately caused by the fact that the product was unsafe in its deviation from the manufacturer's express warranty or from the implied warranties under Title 62A of the Revised Code of Washington. RCW 7.72.030(2). A product manufacturer also may be liable under a negligence standard "if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030(1).

Plaintiffs do not state any theory under which Lowe's could be liable under the WPLA. Plaintiffs purport to state a failure to warn claim against Lowe's, as a seller, as well as against the manufacturers of the herbicide and sprayer at issue. However, Plaintiffs make only the conclusory allegation that the inherently dangerous nature of Roundup obligated Lowe's, as well as Monsanto, to "provide adequate warnings with the product that would allow the purchasing consumers of the product to apprehend the dangers associated with usage of Roundup and take measures to prevent injurious exposure to it." ECF No. 2-1 at 9. Plaintiffs do not state any theory nor offer any factual support as to how Lowe's is liable for negligence, breach of express warranty, or intentional misrepresentation. Nor do

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 7

Plaintiffs state any factual support for the application of any of the extenuating circumstances that make a seller liable under RCW 7.72.030(2) to the full extent that a manufacturer would be under the WPLA.

Although Monsanto, as product manufacturer, is more readily subject to liability under the WPLA, Plaintiffs' claims against that Defendant also are conclusory and lacking in factual support. For a product to be "not reasonably safe in construction," the product must have "deviated in some material way from the design specifications or performance standards of the manufacturer, or deviated in some material way from otherwise identical units of the same product line" when the product left the manufacturer's control. RCW 7.72.030(2)(a). Furthermore, a trier of fact determining whether a product is "not reasonably safe" must "consider whether the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer." RCW 7.72.030(3).

However, Plaintiffs allege merely that the Roundup they purchased and used was "not reasonably safe as designed" and "was not reasonably safe in construction or not reasonably safe because either or both did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." ECF No. 2-1 at 10. Plaintiffs do not allege any facts indicating how the Roundup allegedly malfunctioned, contained a defect, or was unsafe in its construction in a manner that injured Ms. Mesecher. The Court cannot draw any reasonable inferences from

Plaintiffs' conclusory allegations that even suggest a claim entitling Plaintiffs to relief. *See Iqbal*, 556 U.S. at 678.

Likewise, with respect to the failure to warn claim against Monsanto, Plaintiffs do not allege how the warnings accompanying Roundup failed to inform consumers about Roundup's alleged toxicity or the inherent dangers associated with using the product.

*Washington Consumer Protection Act*

The essential elements of a WCPA claim are well-settled: (1) an unfair or deceptive act or practice; (2) that occurred in trade or commerce; (3) results in an impact to the public interest; (4) injures the plaintiff in his or her business or property; and (5) causes the injuries at issue. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (Wash. 1986). "Compensable injuries under the [WCPA] are limited to 'injury to [the] plaintiff in his or her business or property.'" *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 430 (Wash. 2014) (quoting *Hangman Ridge Training Stables, Inc.*, 105 Wn.2d at 780). "'Personal injury, 'mental distress, embarrassment, and inconvenience'" do not satisfy the injury element of the WCPA. *Id.* (quoting *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009)). Financial consequences of personal injuries are also excluded from the WCPA. *Id.* (citing *Ambach v. French*, 167 Wn.2d 167, 178 (Wash. 2009)).

Plaintiffs' complaint does not reveal even an inkling of an alleged injury Plaintiffs suffered to their business or property. Rather, the complaint asserts solely alleged personal injuries to Ms. Mesecher and related injuries to Mr. Mesecher and Ms. Reynold resulting from Ms. Mesecher's personal injuries. Therefore, Plaintiffs' complaint omits a requisite element of a WCPA claim, making dismissal of that claim against Defendants Lowe's and Monsanto appropriate.

*Leave to Amend*

Once a court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Rule 15(a), Fed. R. Civ. P., provides that leave to amend "shall be freely given when justice so requires." The court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, a court may deny leave to amend a complaint based on the following factors: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here the Court finds that amendment would be futile. Plaintiffs' complaint does not even approach stating a factual basis for a plausible claim, and Plaintiffs' failure to respond to Defendants' cogent arguments for dismissal of Plaintiffs' claims, based on both their factual and legal inadequacy, lead the Court to believe that granting Plaintiffs an opportunity to amend their claims would be futile.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 10

Furthermore, allowing Plaintiffs to amend claims that may properly be construed as abandoned prejudices Defendants Lowe's and Monsanto by making each of those Defendants incur additional, and unnecessary, litigation costs.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Lowe's Motion to Dismiss, **ECF No. 8**, is **GRANTED**.

2. Defendant Monsanto's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(B)(6), **ECF No. 11**, is **GRANTED**.

3. Plaintiffs' claims against Defendants Lowe's and Monsanto are **DISMISSED WITH PREJUDICE**, and Defendants Lowe's and Monsanto are dismissed as Defendants in this action. Judgement shall be entered in their favor.

The District Court Clerk is directed to enter this Order, **enter judgment** for Defendants Lowe's and Monsanto, terminate Defendants Lowe's and Monsanto **only**, and provide copies to counsel.

**DATED** February 8, 2018.

                                          *s/ Rosanna Malouf Peterson*
                                        ROSANNA MALOUF PETERSON
                                          United States District Judge